Jacob Markowitz, J.
Plaintiff sues for the reformation of a note in the sum of $10,000 claiming mutual mistake by reason of which the demand note provides for the payment of interest at the rate of 7.2% per annum instead of 6% per annum as agreed. At the same time the parties engaged in a factoring agreement and the plaintiff received as security 15 shares of stock. Defendant has interposed two defenses and a counterclaim. By motion made pursuant to rule 109 of the Rules of Civil Practice plaintiff seeks an order striking out the defense of usury and, by cross motion, defendant moves for temporary *746 injunction restraining plaintiff from proceeding to dispose of the two certificates representing the 15 shares of stock pursuant to the Lien Law or otherwise. While plaintiff seeks to recover ■interest in accordance with the agreement as alleged, it contends that no usury is involved since section 379 of the General Business Law applies. (Brumley v. Robinson, 120 Misc. 799; Wright v. Toomey, 137 App. Div. 401, affd. 204 N. Y. 661.)
This contention is based upon that allegation of the complaint which discloses that the loan was secured by stock certificates. There are no facts pleaded in the defense which will take the case out of the application of section 379 of the General Business Law. Regardless of plaintiff’s willingness to accept 6% interest if defendant wished to defend upon the basis of nullity for usury the allegations of the complaint required that the defense be so pleaded that it could survive the application of the statute. This it failed to do. Indeed, upon the application for injunction the facts appear which clearly demonstrate that the section is applicable. Since the note is due and by documentary proof it is shown to have been fully secured by the 15 shares of stock, no good reason appears to warrant temporary injunctive relief. The motion to strike out the defense of usury is granted and the motion for temporary injunctive relief is denied.